IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HENRY PONDER, FOR HIMSELF           *
AND ALL OTHER PERSONS WHOSE         *
VEHICLES HAVE BEEN CONFISCATED      *
AND IMPOUNDED WITHOUT DUE           *
PROCESS,                            *
                                    *
            Plaintiff,              *
                                    *
vs.                                 *           No. 4:10cv0078 SWW
                                    *
                                    *
                                    *
CITY OF CONWAY, ARKANSAS;           *
CONWAY POLICE DEPARTMENT;           *
THE STATE OF ARKANSAS; and          *
STEVE'S AUTO CENTER OF              *
CONWAY, INC., sued as Steve's Auto  *
Service, Inc.,[1]                   *
                                    *
            Defendants.             *

ORDER

Plaintiff Henry Ponder ("Ponder") brings this action against the City of Conway,

Arkansas, the Conway Police Department ("CPD"), the State of Arkansas, and Steve's Auto

Service, Inc. ("Steve's"), for himself and all other persons whose vehicles have been confiscated,

impounded and unreasonably seized without due process by the State of Arkansas or by the City

of Conway, or who have been assessed excessive towing and storage fees as a condition for

regaining possession of their seized and impounded vehicles.  Ponder brings his claims pursuant

to 42 U.S.C. § 1983, the Fourth, Eighth and Fourteenth Amendments to the Constitution of the

United States, the Arkansas Civil Rights Act of 1993 ("ACRA"), §§ 16-123-101 *et seq*., and

---

[1] Ponder named separate defendant as "Steve's Auto Service, Inc." and within his complaint has occasionally referred to a "Steve's Wrecking Service" or "Steve's Auto and Wrecking Service" as a defendant, but separate defendant states its correct name is "Steve's Auto Center of Conway, Inc."

Article 2, Sections 8 and 9 of the Constitution of the State of Arkansas.

The matter is before the Court on motion of Steve's to dismiss [doc.#5]. Ponder has not responded to Steve's motion and the time for doing so has long since passed. Having considered the matter, the Court grants Steve's motion to dismiss for the reasons set forth in its motion and brief in support.

## I.

Ponder alleges in his complaint as follows: on September 21,2007, Ponder's son, Nathan Ponder ("Nathan"), was stopped by an officer of the CPD while Nathan was driving Ponder's vehicle, a 2005 Chevrolet Colorado Pickup, within the City limits of Conway. Nathan was arrested and charged with possession of controlled substances with intent to deliver. Ponder states he had no knowledge that Nathan was in possession of any drugs, and had expressly denied Nathan permission to drive Ponder's vehicle to Conway.

At the time of the arrest, the CPD seized Ponder's vehicle and impounded it on the premise that the vehicle was used or intended for use as an instrumentality to transport drugs for sale. Thereafter, the CPD authorized Steve's to tow or otherwise remove the vehicle to Steve's impoundment lot.

Steve's operates an automobile towing and storage facility in Conway, and, pursuant to authority from the CPD, takes possession of vehicles that have been seized by the CPD pursuant to Ark. Code Ann. § 5-64-505 and tows them to property owned by Steve's, where they are stored pending the outcome of criminal proceedings against the persons owning and/or operating such vehicles. Monetary charges are assessed against the owner of the vehicle by Steve's for

such towing, and daily monetary charges are also assessed against the owner of the vehicle for storage.

Ponder states his vehicle has been stored and impounded since Nathan's arrest on September 21, 2007, although the vehicle continued to remain subject to the constructive control and custody of the City and the CPD.  Upon towing the vehicle, Steve's levied a charge against Ponder's vehicle for such towing, and levied additional charges of $25.00 per day for the storage of the vehicle while impounded on Steve's property pending judicial proceedings relative to the forfeiture of the vehicle.

On November 2, 2007, the State of Arkansas, acting by and through the Prosecuting Attorney for the Twentieth Judicial District of Arkansas, filed an *in rem* complaint for the forfeiture of Ponder's vehicle, pursuant to Arkansas Code Annotated § 5-64-505 and 5-64-509, alleging that the vehicle was proceeds of illegal drug activity and being used to transport or facilitate the transportation of a controlled substance.  On December 27, 2007, Ponder filed an Answer to the complaint, denying that the truck was either the proceeds of illegal drug activity or being used to transport or facilitate the transportation of controlled substances.  Ponder asserted that he was an "innocent owner" as defined in Ark. Code Ann. § 5-64-505(a)(4)(B)(i), (a)(4)(B)(ii) and (a)(6)(B).  He further asserted that the forfeiture of the vehicle would violate the Excessive Fines Clause of the Constitution of the United States and its counterpart under the Constitution of the State of Arkansas.

Ponder states that from the date of the impoundment through all times alleged in the complaint, he made attempts to retrieve his vehicle from Steve's after it was seized.  He states that Steve's refused to relinquish his vehicle, asserting that it had not received permission from

the State for its release.  Ponder states that through his attorney, he made diligent efforts during the pendency of the above described forfeiture action to obtain consent from the Prosecuting Attorney of the Twentieth Judicial District of Arkansas for the release of the vehicle, and to obtain an early hearing on the forfeiture of the vehicle, but that those efforts were unavailing.

Ponder states he was not afforded prompt opportunity for a hearing to object to the seizure of his vehicle or to assert any claim for the release of the vehicle as an owner of the vehicle who was not a participant in any illegal activity.  He states there is no opportunity provided by the laws of Arkansas for a prompt hearing in which innocent owners may assert their defense to such impoundments prior to the imposition of confiscatory daily storage fees and costs.

Ponder states that Nathan subsequently entered into a plea agreement on May 27, 2009, and that as part of the agreement, the State agreed to dismiss the forfeiture action and release the vehicle to Ponder.  An Order of dismissal of the *in rem* forfeiture action and to return the vehicle to Ponder was entered by the Faulkner County Circuit Court on May 28, 2009, approximately one year and eight months after its seizure by the State.  Such Order expressly provided that all costs and storage fees assessed by Steve's must be paid to obtain release of said vehicle.

Ponder states that because of the lack of a process available whereby Ponder was entitled to an expedited hearing on his claim as an "innocent owner" of the vehicle, he has been deprived of his vehicle by the City of Conway, the CPD and the State of Arkansas for a period in excess of 615 days, during which fees accumulated with Steve's for impoundment of the vehicle at the rate of $25.00 per day.  At the time of the Order of the Circuit Court of Faulkner County dated May 27, 2009, and entered May 28, 2009, Ponder was indebted to Steve's in an amount in excess

4

of $15,375.00, which he states approximates or exceeds the value of the vehicle.

Ponder states that he and all persons who are the owners of vehicles impounded pursuant to Ark. Code Ann. § 5-64-505 and 5-64-509, and who may assert the defenses contained in Ark. Code Ann. 5-64-505(a)(4)(B)(i), (a)(4)(B)(ii) and (a)(6)(B) are in situations similar to Ponder and are being subjected under color of state law to unreasonable seizures in violation of the Eighth Amendment to the United States Constitution and Article 2, Section 9 of the Constitution of Arkansas, and are being deprived under color of state law of their property without due process of law as required by the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, Section 8 of the Constitution of Arkansas.

Ponder alleges three counts against Steve's in his complaint: Count 4 – action under § 1983 for violation of Ponder's Fourth and Fourteenth Amendment Rights; Count 5 – action under § 1983 for violation of Ponder's Eighth Amendment rights; and Count 10 – action under Ark. Code Ann. § 16-123-105 for violation of Ponder's rights under Article 2, Section 9 of the Constitution of the State of Arkansas.

In count 4, Ponder alleges that pursuant to authority from the CPD, Steve's took possession of Ponder's vehicle on September 21, 2007, after the vehicle was seized by the CPD and has held the seized vehicle since that time.  In so doing, argues Ponder, Steve's has been designated and acting under color of state laws as an instrumentality, agent and agency of the City of Conway, the CPD, and the State of Arkansas.  Ponder asserts that Steve's has been in possession of Ponder's vehicle since September, 2007, has refused to release the vehicle without payment of towing charges and storage fees that have accrued since the date of impoundment of the vehicle which, as of May 28, 2009, totaled in excess of $15,375, and the Order to Return

Vehicle entered by the Faulkner County Circuit Court on May 28, 2009, requires that such fees be paid before Ponder can obtain possession of his vehicle.  Ponder asserts that by depriving Ponder of the use of his property pursuant to an unconstitutional statute of the State of Arkansas, Steve's, acting under color of law as an agent and instrumentality of the City of Conway, the CPD and of the State of Arkansas, has violated Ponder's rights to due process of law afforded to Plaintiffs under the Fourth and Fourteenth Amendments of the United States Constitution.

In Count 5, Ponder alleges the same factual scenario, asserting that the towing charges and storage fees constitute excessive fees prohibited under the Eighth Amendment to the Constitution of the United States.

In Count 10, Ponder alleges the same factual scenario and asserts that making the payment of Steve's towing and impoundment fees as a condition of regaining Ponder's vehicle without providing a post seizure, pre-judgment hearing as to Ponder's entitlement to his vehicle violate the Excessive Fines clause of Article 2, Section 9 of the Arkansas Constitution.


II.

The Court has considered Steve' unopposed motion to dismiss and determines Steve's is entitled to dismissal of Ponder's complaint as to Steve's.  Ponder states he was not afforded a prompt opportunity for a hearing to object to the seizure of his vehicle but Steve's argues, and Ponder does not contest, that Ponder did have an opportunity for a prompt hearing under Arkansas law, pointing out that Ponder had a remedy prior to the forfeiture proceeding that he apparently did not pursue or exhaust, *i.e.*, petitioning the circuit court for return of seized property pursuant to Ark.R.Crim.P. 15.2.  *See Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir.

1998) (Ark.R.Crim.P. 15.2 provides adequate state post-deprivation remedy that satisfies due process).

As to the forfeiture proceeding that was held, Ponder admits that he appeared and answered as a defendant in the forfeiture proceedings.  Steve's argues, and Ponder does not contest, that Ponder is actually seeking to have this Court revisit the state court's order that imposed upon him liability for towing and storage charges.  Certainly, this is a form of appeal for which this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See Exxon Mobile v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments are barred by the *Rooker-Feldman* doctrine).

In addition, Ponder appeared in the forfeiture proceeding in which a final order was entered authorizing the release of the vehicle to him and imposing upon him liability for towing and storage charges.  In this respect, Ponder does not contest Steve's argument that his claims against Steve's are barred by issue preclusion and claim preclusion in that Ponder raised certain constitutional defenses in the state court action, and having been the recipient of a judgment that he does not like does not allow him to present issues before this Court that he either did present in the state court action or failed to present but should have.[2]

Finally, Ponder does not dispute Steve's argument that even if there were any failure, and

---

[2] Issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit.  *Friends of Lake View Sch. Dist. Inc. No. 25 of Phillips County v. Beebe*, 578 F.3d 753, 760 (8th Cir. 2009) (quotation marks and citations omitted).  This rule applies only if the relevant issue was previously determined by a valid and final judgment and the determination was essential to the judgment.  *Id.*  Claim preclusion bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action, provided that the previous case or controversy resulted in a valid and final judgment rendered on the merits by a court of competent jurisdiction.  *Id.*  This rule applies against a party only when the party had a fair and full opportunity to litigate the issue in question.  *Id.*

even if Steve's could be deemed to be acting under color of state law, such failure was not pursuant to any act or policy of Steve's upon which liability could be established against Steve's. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies).

III.

For the foregoing reasons, the Court finds that the unopposed motion [doc.#5] to dismiss of separate defendant Steve's Auto Center of Conway, Inc., sued as Steve's Auto Service, Inc., should be and hereby is granted.

IT IS SO ORDERED this 29th day of March 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE